**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50225 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00717-ODW-1 |
| v. | |
| ALBERT BRONT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Submitted May 7, 2012[**]
Pasadena, California

Before: PREGERSON, GRABER, and BERZON, Circuit Judges.

Defendant Albert Bront appeals his 36-month sentence for one count of

subscribing to a false tax return, in violation of 26 U.S.C. § 7206(1), and two

counts of assisting or advising a false tax return, in violation of 26 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

§ 7206(2). Reviewing "the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error," United States v. Kimbrew, 406 F.3d 1149, 1151 (9th Cir. 2005), we affirm.

1. Defendant first argues that the district court erroneously calculated the amount of tax loss for sentencing purposes. Because the amount of tax loss is a factual finding, we review this issue for clear error. United States v. Garro, 517 F.3d 1163, 1167 (9th Cir. 2008).

No impermissible double counting occurred. The government incurred two distinct tax losses as a result of Defendant's acts. First, Defendant filed a fraudulent 2004 tax return for Y.Z., resulting in a $10,966 refund. Defendant admits that the filing of that return resulted in a tax loss to the government of approximately $10,247. Second, Defendant stole the refund intended for Y.Z. by diverting a $10,644 refund anticipation loan into his own bank account. He kept the $10,644, but he failed to report it as income on his tax return for 2005. Because Defendant under-reported his 2005 income by $10,644, that act resulted in a second, distinct, tax loss to the government. Thus, although the two losses are related, they are not the same.

2

With respect to R.B., Defendant fails to appreciate that the government did indeed reduce R.B.'s tax liability by adjusting her taxable income to reflect the amount of alimony actually received. Thus, in calculating the loss from Defendant's fraudulent preparation of R.B.'s 2005 tax return, the government reduced R.B.'s taxable income by $9,500 to reflect that, in fact, she received only $2,500 in alimony, not the $12,000 claimed on the return filed by Defendant. The government similarly adjusted R.B.'s taxable income for tax years 2004, 2006, and 2007. Defendant's argument therefore lacks any factual basis in the record.

2. Defendant next claims that he should not have been subject to a two-level enhancement, under U.S.S.G. § 2T1.1(b)(1), for failing to report the source of income exceeding $10,000 from criminal activity. "'Criminal activity' means any conduct constituting a criminal offense under federal, state, local, or foreign law." U.S.S.G. § 2T1.1 cmt. n.3. Here, Defendant does not deny that he failed to report $10,644 of income when he took Y.Z.'s refund, conduct that qualifies as criminal under 26 U.S.C. § 7206(2). Cf. United States v. Ford, 989 F.2d 347, 350 (9th Cir. 1993) (noting that enhancement under § 2T1.1(b)(1) is improper where the underlying criminal activity results only in "previously generated income being unlawfully withheld from the taxing authority" and "do[es] not actually generate any income").

3

Furthermore, subjecting Defendant to an enhancement under § 2T1.1(b)(1) does not impermissibly double count his failure to report the $10,644 of income on his 2005 tax return. There is "nothing wrong with double counting when it is necessary to make the defendant's sentence reflect the full extent of the wrongfulness of his conduct." United States v. Cabaccang, 481 F.3d 1176, 1186 (9th Cir. 2007) (internal quotation marks omitted). The fact that Defendant's unreported income was derived from criminal activity was not "fully accounted for" by the application of any other part of the Guidelines, including U.S.S.G. § 2T1.1(a)(1). Id. Accordingly, the district court did not abuse its discretion by applying a two-level sentencing enhancement under U.S.S.G. § 2T1.1(b)(1).

3. In addition, Defendant argues that the district court improperly imposed a two-level enhancement under U.S.S.G. § 3B1.3, which applies "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." Defendant's opening brief asserts only that he did not abuse a position of trust, but the district court did not impose the enhancement on that ground. Instead, it imposed the enhancement because it found that Defendant's special skill as an IRS agent facilitated the commission of his offenses. Because the opening brief fails to contest the ground for imposing the enhancement, the propriety of the

4

enhancement is waived. See United States v. Kama, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief.").

4. Finally, Defendant concedes that the district court properly applied the obstruction of justice enhancement, because Defendant submitted false documents in an attempt to obstruct his audit by the IRS. See United States v. Yip, 592 F.3d 1035, 1042 (9th Cir. 2010) ("Obstruction during an IRS audit justifies enhancing a defendant's sentence for obstruction 'during the course of the investigation.' U.S.S.G. § 3C1.1 (2001).").

AFFIRMED.